IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

K.G., by an through her mother
and next friend, CHRISTINE C.,

               Plaintiff,
  vs.                                             CIVIL NO.  12-1209 KBM/LFG

SANTA FE PUBLIC SCHOOL
DISTRICT, BOARD OF EDUCATION
FOR THE SANTA FE PUBLIC SCHOOL
DISTRICT; and FELICIA SENA and
KIMBERLY SEYMOUR, in their
individual and official capacities,

               Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL RESPONSES

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and Requests for Production [Doc. 69]. The Court considered the Motion, Defendant Board of Education for the Santa Fe Public School District's ["the Board"] Response [Doc. 74], and Plaintiffs' Reply [Doc. 77].

Plaintiffs seek an order directing the Board to produce the documents sought in Request for Production Nos. 1, 2, 4, 5, 7, and 9, and to fully respond to Interrogatory No. 2. The Court agrees that many of the Board's initial responses were insufficient, but in its response in opposition to the motion, the Board contends that it has since located and produced to Plaintiffs the information sought in the original interrogatories and requests for production [Doc. 74].

In reply, Plaintiffs concede that document requests and interrogatories were supplemented, but Plaintiffs still believe that more information is available which has not been presented. However,

neither Plaintiffs nor the Board have been specific in reference to all the requests in showing what information was presented by way of supplementation or what information Plaintiffs believe has yet to be presented.

The Board should produce the information sought as it relates to the incident that gave rise to the lawsuit, and the accident affecting the minor child K.G. However, the Court declines to direct that the Board produce information from sensitive school records relating to other children. The issue in this case is whether Defendants violated Plaintiff's rights, not whether Defendants may have violated the rights of others. This is not a class action lawsuit, and Rule 26 specifically limits discovery to the parties' claims and defenses. As information to other accidents does not relate to the claims and defenses in this case, the proposed discovery should be limited by the proportionality principle of Rule 26(b)(2)(C). Moreover, in balancing sensitive school records, including highly personal information relating to special needs children, with Plaintiffs' requests, the balance tips in favor of protecting the privacy of those other children

Also, to the extent Plaintiffs seek information about other bus drivers who allegedly caused or occasioned injury to other children, the Court sustain's the Board's objections. The Board should produce the information sought relating to the bus driver in this case, but the Court will not require production of information relating to other bus drivers.

To some degree, Plaintiffs provided the Court with information concerning certain documents they sought, what was produced, and why the production was insufficient. To the extent that some specification was provided, the Court rules as follows:

1.	Plaintiffs sought information about certain policies and dates and when such policies were in effect. [*See*, Doc. 77, at 4]. The Board responded by referring Plaintiffs to its website where policies were posted and readily available for Plaintiffs' inspection. The problem, however, is that

the Board's website contains a disclaimer that some policies were updated and not posted in current form. Secondly, there is no indication if the posted policies were in effect at the time of the occurrence.

Plaintiffs' objection is well-taken. If the relevant posted policies are incomplete or out of date, the Board must provide the relevant policies that were in effect on the date or dates of the occurrence; and to the extent the posted policies are current, the Board must disclose the date or dates they were in effect. If the Board, for some reason, is unable to comply, it must disclose under oath why the information is not available. If the policy or forms do not exist or otherwise cannot be produced, the Board should state under oath why not.

2.      Plaintiffs contend that the Board produced some documents relating to special education, but not to policies relating to continuing supervision, and KG's IEP refers to a "continuous supervision/assistance form." [Id. at 5] Further, a witness, Maria Lynch, made reference to forms which were to be completed for students requiring continuous supervision. However, Defendants did not produce the forms.

The Board is directed to produce any written policy concerning continuous supervision as well as copies of forms used to request or confirm the need for continuous supervision.

3.      At depositions, Plaintiffs contend that witnesses referred to a playground safety manual, in particular, Defendant Sena's deposition; that she referred to a Cesar Chavez Handbook; and that she made reference to a playground safety video.

To the extent those documents or a video exist, they are to be produced. Alternatively, if they do not exist, or otherwise cannot be produced, the Board is to explain under oath why not.

4.      Plaintiff sought attendee sign-in document for safety training programs. The Board is to produce them, and if they do not exist or cannot be produced, to state under oath why not.

5. Plaintiffs sought documents referred to by Defendant Sena concerning homebound applications. [Doc. 77, at 6 and 7]. The Board is to produce them, and if it cannot, to state under oath why not.

6. Plaintiffs sought the file of accident reports referred to by Defendant Sena. The Court does not require production of reports of other accidents, but does require production of any accident report relating to KG. If the report does not exist or cannot otherwise be produced, the Board must state under oath why not.

7. Plaintiff sought schedules for continuous supervision reports for special education children. The Court does not require reports for other children, but will require the Board to produce continuous supervision reports for KG. As earlier indicated, those other children have privacy rights, and the information sought is highly personal and sensitive. On balance, the scale should tip in favor of protecting those other children and their rights. 26(b)(2)(C). If they do not or cannot otherwise be produced, the Board should state under oath why not.

8. Plaintiff sought copies of notes relating to playground accidents. The Court does not require notes concerning accidents relating to other children, but does require any notes relating to KG's accident. If notes relating to KG do not exist or otherwise cannot be produced, the Board is to state under oath why not.

9. Plaintiffs seek emails related to KG. The Court orders production of non-privileged emails relating to KG, but will require parties to agree on search terms and applicable dates. If the parties cannot agree, Plaintiffs may file a new motion to compel as set out hereafter within 20 days. If the emails are not accessible, as noted in Zubulake v. UBS Warburg, 216 F.R.D. 280 (S.D.N.Y. 2003), the Board may seek protection from production under Rule 26(c) or seek to have the costs shifted to Plaintiffs. Any motion for protection or cost shifting request must be filed within 30 days.

The Court normally requires production within ten days, but to the holidays, will extend the time for production to 20 days.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge