IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KG, by and through her mother and
next friend CHRISTINE C.**

      **Plaintiff,**

vs.                                                No. CIV-12-1209 KBM/LFG

**SANTA FE PUBLIC SCHOOL DISTRICT, et al.**

      **Defendants.**

## PLAINTIFF'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOG

Comes Now Plaintiff, by and through undersigned counsel, and moves for an order directing Defendant Santa Fe Public Schools to produce documents as described herein. Plaintiff has consulted with Defendant in good faith. Defendants do not consent to this Motion.

### I. Procedural Background

1. Plaintiff's First Amended Complaint alleges that KG is a student at Cesar Chavez Elementary School. She sustained two very serious injuries while attending Cesar Chavez, including a dislocated patella in a playground injury on October 14, 2010, and a broken femur in an injury sustained in a hallway on February 2, 2012. KG fell in the hallway due to being pushed down by another special needs student, Gavin, who was running in the hallway unsupervised. KG was also a passenger in a school bus that was involved in an accident in June 2011.

2. KG has a condition which subjects her to a greater possibility of injury to her bones, should she fall. Plaintiff therefore contends that KG should have received continuous 1:1

      supervision while she was on school grounds, as part of KG's safety plan and as a reasonable accomodation of KG's disability. Plaintiff brings claims pursuant to federal disability discrimination laws and the New Mexico Tort Claims Act.

3. A discovery stay was in place in this case between November 30, 2012 and June 7, 2013, on the basis of a pending motion by Defendants asserting qualified immunity as to Plaintiff's civil rights claims.

4. On August 9, 2013, Plaintiff served her First Request for Production and First Set of Interrogatories on Defendant Santa Fe Public Schools ("SFPS"). *See* Doc. No. 39 (certificate of service). Defendant's Answers to Plaintiff's First Set of Interrogatories and Requests for Production are attached hereto as **Exhibit A.**

5. After several consultations and some supplementation regarding Plaintiff's request that Defendant SFPS supplement its answers, the parties reached an impasse as to some of the requests for production. *See* Plaintiffs' [First] Motion to Compel Responses to Plaintiffs' First Set of Interrogatories and Requests for Production, Doc. No. 69.

6. Plaintiff filed a motion to compel on November 12, 2013, contending, *inter alia,* that Defendant SFPS should provide a privilege log to Plaintiff for those documents that were responsive to Requests for Production Nos. 5 and 9, which were withheld in part pursuant to a claim of attorney-client privilege or work product privilege. *Id*.

7. On December 12, 2013, the Honorable Magistrate Judge Garcia entered an order granting in part and denying in part Plaintiff's motion to compel. Doc. No. 78. This Court ordered the "production of any accident report relating to KG." Doc. No. 78, page 4, ¶ 6. This Court also ordered the production of "any notes relating to KG's accident." *Id. ,* ¶ 8.

8. On January 1, 2014, this Court, the Honorable Magistrate Judge Harold Wormuth presiding, held a status conference to set a settlement conference in this matter and to address any pending concerns by the parties. Doc. No.97. Plaintiff raised the ongoing failure by Defendants to produce a sufficient privilege log as to Requests for Production Nos. 5 and 9, but noted that Judge Garcia had not explicitly addressed the failure to provide a sufficient privilege log in his recent order compelling production of documents in part. Defendants stated that they had, since the date of Judge Garcia's order, produced a compliant privilege log; however, on the date of the status conference, Plaintiff had not yet seen Defendants' privilege log. This Court directed the parties to "review the materials received and decide if motion practice on the privilege issue was appropriate." *Id.*

9. Upon receipt of Defendants' privilege log, Plaintiff wrote to Defendants to consult with them regarding Plaintiff's concerns that the privilege log presented did not comply with Fed.R.Civ.Pro. 26, in terms of sufficiently identifying the items withheld to an extent and degree that would allow Plaintiff to verify the validity of the assertion of privilege.

10. There followed a series of exchanges between the parties, culminating in a letter from Defendants to Plaintiff, mailed January 21, 2014, attaching a revised privilege log. *See* Letter from Koul to Poulin and Simmons, attached hereto as **Exhibit B**.

11. Plaintiff again wrote to Defendants, indicating her dissatisfaction with the revised privilege log. *See* Letter from Simmons to Koul, dated January 27, 2014, at pages 1-2, attached hereto as **Exhibit C.** Among other concerns about the privilege log, Plaintiff drew specific attention to any documents generated by an insurer. *Id.* at p. 2. Defendants

indicated that they would not amend or revise the privilege log any further, and that they did not consent to Plaintiff's motion to compel.  *See* 130-3 at pages 1-3.

## II.  Defendants' Privilege Log Is Deficient and the Failure to Provide a Sufficient Privilege Log Operates as a Waiver of the Privileges Asserted by Defendant SFPS

Pursuant to Fed. R. Civ.Pro. 26(b)(5), for claims of privilege or protection of trial preparation materials, "the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  Here, Defendant SFPS has failed to support its objections with the necessary description of the documents or communications.  Plaintiff therefore submits that Defendant SFPS has either waived its objections, or has failed to sustain its burden to support its objections.

In Request for Production No. 5, Plaintiff requests "copies of all *documents, communications*, photos, reports and nursing records *related to KG's October 14, 2010* and *February 2, 2012 accident and injuries at school* including but not limited to *all such documentation and communication exchanged between the District and its insurer*."  See **Exhibit A** at page 3 (emphasis added).  Defendant SFPS objected on the basis of attorney/client privilege and work product.  *Id.*

At the time Defendant raised the objection, it did not produce a privilege log. Even after Defendant has been ordered to produce accident reports relating to KG, it has failed to produce a privilege log or an adequate privilege log.  Instead, after several efforts by Plaintiff to obtain a privilege log that would enable her to evaluate the claims of

privilege, Defendant has stated, with regard to Request for Production No. 5, as follows:

| Document, material, or thing withheld | Claim of Privilege / Authority |
|---|---|
| Defendant objects to the production, to the extent that Plaintiff has requested such materials, or any materials prepared in anticipation of litigation by Defendant's legal counsel or representative, including its insurer or agent(s).<br><br>Defendant objects to this request for production to the extent that it seeks any materials which are protected by the attorney work product and attorney-client communication privilege. | Documents or tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. Fed.R.Civ.P. 26(b)(3)(A).<br><br>The Court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Fed.R.Civ.Pro. 26(b)(3)(B). |

**Exhibit B**, attached hereto, at page 1 of attachment.

In Request for Production No. 9, Plaintiff asks, "If any of the bus drivers identified in Interrogatory No. 5 reported and/or had any accidents and/or incidents related to driving a school bus (including but not limited to any accident/incidents involving KG), please provide all documentation, reports and photos related to those accidents." **Exhibit A** at page 5. Interrogatory No. 5 referred to "the bus driver(s) who provided bus transportation to KG during June 2011 and during the spring of 2012 school year." Defendant SFPS objected to Request for Production No. 9 on the basis of attorney/client privilege and work product. *Id.*

At the time Defendant raised the objection to Request for Production No. 9, it did not produce a privilege log. After several efforts by Plaintiff to obtain a privilege log that would enable her to evaluate the two claims of privilege, Defendant has stated, with regard to Request for Production No. 9, as follows:

| Document, material, or thing withheld | Claim of Privilege / Authority |
|---|---|
| Defendant objects to the production, to the extent that Plaintiff has requested such materials, or any materials prepared in anticipation of litigation by Defendant's legal counsel or representative, including its insurer or agent(s).<br><br>Defendant objects to this request for production to the extent that it seeks any materials which are protected by the attorney work product and attorney-client communication privilege.<br><br>Defendant claims that attorney work product and attorney-client communications exist in the form of attorney notes concerning meetings/witness interviews with Felicia Sena, Kimberly Seymour, Lisa Creecy, and Cindy Velarde, all of which include the mental impressions, opinions, or legal theories of Defendant's attorneys. | Documents or tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.  Fed.R.Civ.P. 26(b)(3)(A).<br><br>The Court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.  Fed.R.Civ.Pro. 26(b)(3)(B).<br><br>Pursuant to Judge Garcia's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Responses [Doc.78], "to the extent Plaintiffs seek information about other bus drivers who allegedly caused or occasioned injury to other children, the Court sustains the Board's objections.  The Board should produce the information sought relating to the bus driver in this case, but the Court will not require production of information relating to other bus drivers." |

**Exhibit B**, attached hereto, at page 3 of attachment.

"[A] party withholding information or documents based on [the] doctrines [of attorney/client privilege or work product privilege] must 'describe in detail the documents or information sought to be protected.  The objecting party must also provide sufficient information to enable the court to determine whether *each element* of the asserted objection is satisfied.'" *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.,* 2007 WL 756631 * 6 (D.Kan. 2007)*, citing Sonnino v.  University of Kansas Hospital Authority,* 221 FRD 661, 668-69

(D. Kan. 2004). Thus merely stating that an attorney was involved in the generation of these documents "does not make them subject to the attorney-client privilege." *Quality Time, Inc. v. West Bend Mutual Insurance Company,* 2012 WL 5499555 * 5 (D.Kan. 2012). Vague descriptions that do not sufficiently describe particular documents to allow the opponent or the court to determine whether the documents involve "requesting or giving legal advice" are not sufficient to invoke attorney/client privilege. *Id.* The same is true for "'blank claim[s]' of work product." *Id.* at * 6. As the Tenth Circuit has repeatedly made clear, "A mere allegation that the work product doctrine applies is insufficient." *Resolution Trust Corporation v. Dabney,* 73 F.3d 262, 266 (10th Cir. 1995).

> Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product. *Feldman v. Pioneer Petroleum, Inc.,* 87 F.R.D. 86, 89 (W.D.Okla.1980).

*Id.*

Thus, an objecting party may not make the type of "ipse dixit assertions" Defendant makes here, by simply declaring that a group of documents was generated by an attorney and therefore one of the two privileges – attorney/client or work product – must apply. Instead, "[t]o carry the burden, the party must give a detailed description of the documents to be protected with precise reasons given for the particular objection to discovery." *National Union Fire Insurance Company of Pittsburgh v. Midland Bancor, Inc.,* 159 FRD 562, 567 (D.Kan. 1994)(citation and internal punctuation omitted).[1] Moreover, despite the differences between attorney/client

---

[1] Thus, for example, in *Southn California Housing Rights Center v. Los Feliz Towers Homeowners Ass'n,* 2005 WL 3954720 (S.D. Cal. 2006), the United States Magistrate Judge found defendants' privilege log to be inadequate because it "[did] not identify the author, recipient, or date" of protected emails and "it insufficiently describe[d] the subject matter of [the]

privilege and work product, "courts narrowly construe them both. . . . 'Whatever their origins these exceptions are not lightly created nor expansively construed, for they are in derogation of the search for the truth.'" *Id., quoting United States v. Nixon,* 418 U.S. 683, 710 (1974).

In *National Union Fire Insurance,* the United States District Court for the District of Kansas, finding the objections insufficiently supported, ordered the production of the documents. The court did not make clear whether it did so based on Defendants' failure to sustain their burden to support a claim of privilege, or on waiver, or a combination of the two. Here, Plaintiff requests that this Court order the production of all investigatory materials, including witness statements and the entire risk management investigatory file for KG's multiple accidents, on the basis of waiver. Specifically, Defendant has had since September 26, 2013 to support its

---

communications." *Id.* at * 4. Moreover, the log did not provide the date and did not describe the topics discussed. The log did not indicate whether attorney advice was rendered or discussed. The Magistrate Judge therefore ordered defendants to produce a privilege log identifying the following information for all withheld documents:

1. the nature of the privilege or other protection claimed, and where the attorney-client privilege is claimed, the attorney and client involved;

2. the nature of the document and its title, if any;

3. all persons, identified by name and title, and entities shown on the document to have received or have been sent the document;

4. all persons, identified by name and title, and entities known to have been informed of the substance of the document;

5. the date the document was prepared, generated, or dated; and,

6. whether the document has been redacted and partial production made.

*Id.* at * 4-5. Defendant SFPS's self-identified "privilege log" contains nothing close to this detail. *See* **Exhibit B,** attached hereto, at pages 1 and 3 of attachment.

assertions of privilege and has failed to do so.

> Rule 26(b)(5)(A) . . . requires a responding party to expressly assert claims of privilege and work product when it withholds otherwise discoverable information on those grounds. The rule further requires them to "describe the nature of the documents, communications, or tangible things not produced or disclosed." Parties responding to discovery have "the duty to timely provide the information required by Rule 26(b)(5)." *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 655, 662 (D.Kan.1999). More specifically, they have "a duty when asserting privilege to describe the nature of the documents, communications, or tangible things not produced or disclosed as required by Fed.R.Civ.P. 26(b)(5)(A)(ii)." *Cooper v. Old Dominion Freight Line, Inc.,* 2011 WL 251447, at * 10 (D. Kan. 2011). Parties withholding privileged material must provide the notice and information required by Rule 26(b)(5) when they are otherwise required to object or provide the discovery under the Federal Rules of Civil Procedure*. See Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp*., 2007 WL 1347754, at *2 (D.Kan. 2007) (finding that inherent within Rule 26(b)(5) "is a requirement that the claim of privilege should be made at the same time that the privilege objection is lodged and the documents are withheld"); *Mike v. Dymon, Inc*. 1996 WL 674007, at *9 (D.Kan. Nov.14, 1996) (agreeing with *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.,* 902 F.Supp. 1356, 1360 (D.Kan.1995) that "Rule 26(b)(5) plainly contemplates" that *compliance is required by the time documents are required to be produced under Fed.R.Civ.P. 34). Withholding materials without the notice required by Rule 26(b)(5)(A) "is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege.*" Fed.R.Civ.Pro. 26(b)(5) advisory committee notes (1993 amend.)

*Quality Time, Inc.,* 2012 WL 5499555 * 2 (D.Kan. 2012)(emphasis added; footnotes omitted and footnote text insert in quote for convenience of reader).

After the passage of so much time, Defendant should not be permitted, within two weeks of the termination date of discovery, to simply produce an adequate privilege log pursuant to an order by this Court, and wait for Plaintiff to pursue any documents that appear to be ineligible for an assertion of privilege. Instead, having continually promised but failed to produce a sufficient privilege log for over four months, Defendant should be ordered by this Court to produce all documents withheld. This includes the identified attorney notes, as well as any documents

generated by the District's insurer or other agent conducting any investigation of the accidents at issue in this case, including but not limited to any investigations of KG's accident on October 14, 2010, on February 2, 2012, and the bus accident alleged in the First Amended Complaint.

### III. The Attorney / Client Privilege and the Work Product Privilege Do Not Protect Factual Assertions or Documents Containing Facts Generated by an Insurer or an Attorney Contracted by an Insurer in the Ordinary Course of Business

Defendant's privilege log states that there exist "attorney notes" of meetings/witness interviews by counsel or an agent of counsel, of or with Felicia Sena, Kimberly Seymour, Lisa Creecy, and Cindy Velarde.  **Exhibit B**, attached hereto, at page 3 of attachment.  Defendant claims both attorney/client privilege and that attorney work product privilege for all of these notes.  *Id*.

Notably, Lisa Creecy and Cindy Velarde are not named Defendants or decision makers in the management of this litigation; thus they are in no way "clients" of the law firm representing Santa Fe Public Schools.  *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  Thus the only privilege which could apply to these notes or statements is the attorney work product privilege.  Moreover, to the extent that counsel met with Sena and Seymour in a group with Creecy and Velarde, the attorney/client privilege was broken.  In any event, the attorney/client privilege only "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings,* 616 F.3d 1172, 1182 (10th Cir. 2010).  To the extent defense counsel was interviewing witnesses in anticipation of litigation, rather than for the purpose of providing legal advice, only the attorney work product applies, regardless of the witness' dual status as a client.

The description provided in the privilege log suggests that the documents for which Defendant is asserting a privilege are notes of interviews of witnesses.  These documents are thus work product; they are not protected by attorney/client privilege.  Because no date is provided for these notes, it is not clear whether the interviews were in anticipation of litigation, or were done after the lawsuit was filed.  *See generally Tom v. SB, Inc.,* 280 FRD 603, 615 (D.N.M. 2012)(only documents prepared in anticipation of imminent litigation are work product); *Hurtado v. Passmore & Sons, LLC,* 2011 WL 2533698 * 3 (D.Colo. 2011)(same).  Thus "merely retaining counsel does not make documents thereafter prepared protectable under the work product doctrine." *Quality Time, Inc*, 2012 WL 5499555 * 7.  Defendant has therefore failed to provide support for its objections.

Notably, Defendant does not provide any privilege log identification for any investigation conducted by the New Mexico Public School Insurance Authority or any other insurer, documents which are explicitly requested by Plaintiff in Request for Production No.  5 and would certainly be responsive to Request for Production No. 9.  In requesting a detailed privilege log, Plaintiff expressed specific interest in the insurer's investigatory file for Plaintiff's accidents.  *See* Letter from Simmons to Koul, dated January 27, 2014, at page 2, attached hereto as **Exhibit C.**  Plaintiff therefore requests that this Court order the production of the entire insurance / risk management file for this case, in the custody or control of the New Mexico Public School Insurance Authority or any other insurers or agents for SFPS or counsel for SFPS.  *See, e.g., Newell v. Capital Transit Co.,* 7 FRD 732 (D. D.C. 1948)(ordering production of insurance investigatory file, including witness statements).

### IV.  Defendants' Assertion of the Work Product Privilege Is Subject to an Exception on the Basis of Defendants' Failure to Cooperate in Discovery and Plaintiff's Inability to Acquire Similar Information in any Other Manner

Finally, even if this Court concludes that there is an applicable privilege and that Defendant SFPS has not waived the privilege by failing to properly assert it privilege, Plaintiff requests that the Court nonetheless order the production of all investigatory materials, including witness statements and notes of witness interviews, by counsel or any insurance investigators, pursuant to the exception to attorney work-product for factual work product that is not otherwise available.

> Rule 26(b)(3) distinguishes between factual work-product and mental impressions. Factual work-product, unlike mental impressions, is discoverable upon a showing that (a) the party seeking discovery has substantial need for the materials in the preparation of his case; and b) he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Fed.R.Civ.P. 26(b)(3); U.S. ex rel. Stone v. Rockwell Intern. Corp., 144 F.R.D. 396 (D.Colo.1992); *See generally, Natta v. Hogan,* 392 F.2d 686, 693 (10th Cir.1968). In contrast, opinion work-product is normally afforded a very high degree of immunity.  *Boring v. Keller*, 97 F.R.D. 404, 407 (D.Colo.1983).

*Resolution Trust Corp. v. Heiserman,* 151 FRD 367, 373-74 (D.Colo. 1993).  Here, while Defendant SFPS asserts in conclusory fashion that attorney notes of witness interviews reflect the attorney's "mental impressions," it is difficult to fathom how so.  Instead, counsel presumably asked a series of questions regarding the facts of KG's three accidents, and the witnesses answered.  This is "factual work-product."  *Id.*

"A litigant may gain access to otherwise privileged information upon showing: 1) substantial need for the materials in the preparation of the party's case; and 2) inability, without undue hardship, to obtain the substantial equivalent of the materials by other means." *Id.* at 375, *citing* Fed.R.Civ.P. 26(b)(3). *Id.* at 375.  "Application of this exception requires a fact-based

12

inquiry into the needs of the party seeking discovery as well as into the hardship that might be avoided by allowing discovery." *Id.* (citation omitted).

Here, the accident witnessed by Lisa Creecy occurred on October 14, 2010. Notably, Lisa Creecy is the only SFPS who admits she was present and witnessed KG's accident on October 14, 2010, yet her name appears nowhere in Defendant's list of witnesses, either in the Joint Status Report, Doc. No. 32 at pages 10-15, or School Defendants' Initial Disclosures. See School Defendants' Initial Disclosures, attached hereto as **Exhibit D**, at pages 2-3.

Nonetheless, Ms. Creecy testified at her deposition that she spoke to counsel for SFPS about this case during the fall semester of 2012. *See* Experts from Deposition of Lisa Creecy, attached hereto as **Exhibit E** at pages 6-8. This would place the interview as occurring one year prior to Ms. Creecy's deposition. At her deposition, Ms. Creecy testified seventy-five times or more that she did not recall events. For example, she could not remember what other adult witnesses were present, or the exact number of children present on the playground at the time of KG's injury, even though 1:1 supervision was part of KG's safety plan. *Id.* at page 43. Notably, there were approximately four to five students and one to three adults who were present. *Id.* In light of this small number of persons present, there is a reasonable probability that Ms. Creecy's memory of who was present was better in November 2012 than it was in November 2013.

To this day, it is not clear why, out of all the SFPS employees with information to provide in this complex case, Cindy Velarde was singled out to be among the four witnesses interviewed by SFPS counsel or another agent of SFPS, as indicated in the privilege log submitted by Defendant. *See* **Exhibit B,** at page 3 (listing Sena, Seymour, Creecy, and Velarde as witnesses who have been interviewed). Ms. Velade is KG's current educational aide. Inexplicably,

13

however, she is listed in Defendant's privilege log as having been interviewed regarding the bus accident, which appears to have occurred prior to Ms. Velarde's tenure.  *See id.*  Significantly, Ms. Velarde was not listed as a witness in the JSR, nor did SFPS list her as a witness on its initial disclosures.  *See* **Exhibit D.**

Defendants have also thwarted Plaintiff's attempt to independently identify and depose important witnesses.  Specifically, Defendants never identified Marie Arhontas, who was a witness to the moments preceding KG's fall in the hallway on February 2, 2012.  *See* Doc. No. 132 at page 5.  Even once Arhontas was identified by a different witness, Yvette Pedroni, as having been Gavin's supervisor on the day of KG's accident in the hallway, Defendants failed to provide contact information for Arhontas until two weeks later, on January 22, 2014.  *Id.*  Defendants then insisted that Plaintiff provide fourteen days notice for Arhontas' deposition.  *Id.*  Ms. Arhontas was deposed on February 14, 2014, and denied that she was charged with supervising Gavin; instead, Ms. Arhontas testified that a different, still unidentified educational aide should have been supervising Gavin.

In addition, Defendants still have not provided the names for all educational aides responsible for supervising KG or her classmates during the relevant time frame.  *See* Doc. No. 130 at pp. 14-15.  Even for those employees Defendants have identified, Defendants have not provided contact information, other than a statement that all employees should be contacted through Cesar Chavez Elementary School.  *See* Doc. No. 130 at pp. 14-15.  Even still, some witnesses remain identified only by their first names.  *Id.*

Plaintiff therefore requests that this Court order the production of all investigatory materials, including but not limited to all notes of interviews or witness statements of Sena,

Seymour, Velarde, and Creecy, as well as any other witnesses interviewed by Defendants or their agents, including their insurer or their counsel, on the basis of the need and / or hardship exception to the work product privilege.

### V.  Conclusion

Plaintiff respectfully requests that this Court order Defendant SFPS **(1)** produce all notes of interviews and witness statements of any witnesses with knowledge as to the events described in Plaintiff's First Amended Complaint, including but not limited to Felicia Sena, Kimberly Seymour, Lisa Creecy, and Cindy Velarde, and **(2)** the investigatory and claims files or files relating in any way to the three injuries alleged in KG's First Amended Complaint, generated by or in the custody or control of any agent acting on behalf of SFPS, including but not limited to the insurer, the risk management agency, or any counsel employed by either SFPS or its insurer. Plaintiff makes this request on the alternative basis of waiver, Defendants' failure to sustain their burden of proof to support the assertion of any privilege, and the need or hardship exception to the work product doctrine.

Respectfully submitted,

THE LAW OFFICES OF NANCY L. SIMMONS, P.C.
*Electronically submitted*
Nancy L. Simmons
120 Girard SE
Albuquerque NM 87106
Co-counsel for Plaintiff

### Certificate of Service

I hereby certify that on the 14th day of February 2014, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

By: *Electronically Submitted*
    Nancy Simmons