# BROWN LAW FIRM
## BROWN & GURULÉ

*Attorneys at Law*

Kevin M. Brown
Desiree D. Gurulé
Keya Koul

2901 Juan Tabo, NE
Suite 208
Albuquerque, New Mexico 87112
(505) 292-9677
FAX (505) 292-9680

January 21, 2014

Debra D. Poulin
7 Avenida Vista Grande,
Suite B-7 PMB 431
Santa Fe, NM 87508
dpoulin@cybermesa.com

Nancy L. Simmons
120 Girard SE
Albuquerque NM 87106
nlsimmons@swcp.com

Re: K.G. v. Santa Fe Public School District
1:12-cv-1209 KBM/LFG

Dear Counsel:

I am writing to address your letter dated January 17, 2014.

First, I am in the process of following up on your document inquiries regarding work order forms, attachments to emails, and the response from Ted Newton referenced in the email from Ms. Sena. We will supplement according to the Federal Rules of Civil Procedure.

Second, as we previously agreed upon, the District IT Department did a search for all emails that referenced KG's full name and initials KAG or KG for the date ranges of August 2009 to December 2012. The search also included her SFPS ID number and her State ID number. All emails that resulted from this search were produced except for those emails that are listed as withheld on the privilege log and in the discovery responses.

Third, Federal Rule of Civil Procedure 26(b)(5) requires that a party which withholds information on the grounds that it is privileged or subject to protection as trial-preparation material must identify, in some detail, which information is privileged and describe it in a way that allows the opposing party to ascertain the applicability of the privilege.

The Tenth Circuit held in *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998) that "[i]n order to be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client." All of the emails that were withheld and listed as attorney-client communications on the privilege log fall within this category. Attached is an amended privilege log clarifying that for your records.

I do not find any requirement in the rule or in applicable case law that requires detailed and specific information about the withheld emails such as dates (the date range was agreed upon as August 2009 to December 2012), names of lawyers, meetings, correspondence, and witnesses.

Sincerely,

*[signature]*
KEYA KOUL


EXHIBIT B

## *KG v. SFPS*
### Defendant The Board of Education for the Santa Fe Public School District
### Privilege Log

| Document, material, item or thing withheld | Claim of Privilege / Authority |
|---|---|
| **RFP No. 4**: Defendant objects to the production to the extent that Plaintiff has requested materials relating to student records for minor children, except for K.G. that constitute official, confidential documents pursuant to 20 U.S.C. § 1232G.<br><br>Defendant objects to this request for production to the extent that it seeks any materials relating to student records for minor children, except for K.G.<br><br>Defendant claims materials relating to student records for minor children other than K.G. exist. | The Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232G.<br><br>Pursuant to Judge Garcia's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Responses [Doc. 78], "The Board should produce the information sought as it relates to the incident that gave rise to the lawsuit, and the accident affecting the minor child K.G. However, the Court declines to direct that the Board produce information from sensitive school records relating to other children. The issue in this case is whether Defendants violated Plaintiff's rights, not whether Defendants may have violated the rights of others. This is not a class action lawsuit, and Rule 26 specifically limits discovery to the parties' claims and defenses. As information to other accidents does not relate to the claims and defenses in this case, the proposed discovery should be limited by the proportionality principle of Rule 26(b)(2)(C). Moreover, in balancing sensitive school records, including highly personal information relating to special needs children, with Plaintiffs' requests, the balance tips in favor of protecting the privacy of those other children." |
| **RFP No. 5**: Defendant objects to the production, to the extent that Plaintiff has requested such materials, of any materials prepared in anticipation of litigation by Defendant's legal counsel or representative, including its insurer or agent(s).<br><br>Defendant objects to this request for production to the extent that it seeks any materials which are protected by the attorney work product and attorney-client communications privilege. | Documents or tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. Fed.R.Civ.P. 26(b)(3)(A).<br><br>The Court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Fed.R.Civ.P. 26(b)(3)(B). |

| Document, material, item or thing withheld | Claim of Privilege / Authority |
|---|---|
| Defendant claims that attorney work product and attorney-client communications exist in the form of attorney notes concerning meetings/witness interviews with Felicia Sena, Kimberly Seymour, Lisa Creecy, and Cindy Velarde, all of which include the mental impressions, conclusions, opinions, or legal theories of Defendant's attorneys.<br><br>With regard to emails being produced pursuant to the search term and date parameters agreed upon between Plaintiff's and Defendants' counsel, Defendant claims that attorney-client communications exist in the form of emails between District employees (clients) and District attorneys (attorneys) that relate to legal advice or strategy.<br><br>Defendant objects to the production to the extent that Plaintiff has requested materials relating to student records for minor children, except for K.G. that constitute official, confidential documents pursuant to 20 U.S.C. § 1232G.<br><br>Defendant objects to this request for production to the extent that it seeks any materials relating to student records for minor children, except for K.G.<br><br>Defendant claims materials relating to student records for minor children other than K.G. exist. | The Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232G.<br><br>Pursuant to Judge Garcia's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Responses [Doc. 78], "The Board should produce the information sought as it relates to the incident that gave rise to the lawsuit, and the accident affecting the minor child K.G. However, the Court declines to direct that the Board produce information from sensitive school records relating to other children. The issue in this case is whether Defendants violated Plaintiff's rights, not whether Defendants may have violated the rights of others. This is not a class action lawsuit, and Rule 26 specifically limits discovery to the parties' claims and defenses. As information to other accidents does not relate to the claims and defenses in this case, the proposed discovery should be limited by the proportionality principle of Rule 26(b)(2)(C). Moreover, in balancing sensitive school records, including highly personal information relating to special needs children, with Plaintiffs' requests, the balance tips in favor of protecting the privacy of those other children." |
| **RFP No. 9**: Defendant objects to the production, to the extent that Plaintiff has requested such materials, of any materials prepared in anticipation of litigation by Defendant's legal counsel or representative, including its insurer or agent(s).<br><br>Defendant objects to this request for production to the extent that it seeks any materials which are protected by the attorney work product and attorney-client communications privilege.<br><br>Defendant claims that attorney work product and attorney-client communications exist in the form of | Documents or tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. Fed.R.Civ.P. 26(b)(3)(A).<br><br>The Court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Fed.R.Civ.P. 26(b)(3)(B).<br><br>Pursuant to Judge Garcia's Order |

2

| Document, material, item or thing withheld | Claim of Privilege / Authority |
|---|---|
| attorney notes concerning meetings/witness interviews with Felicia Sena, Kimberly Seymour, Lisa Creecy, and Cindy Velarde, all of which include the mental impressions, conclusions, opinions, or legal theories of Defendant's attorneys. | Granting in Part and Denying in Part Plaintiffs' Motion to Compel Responses [Doc. 78], "to the extent Plaintiffs seek information about other bus drivers who allegedly caused or occasioned injury to other children, the Court sustains the Board's objections. The Board should produce the information sought relating to the bus driver in this case, but the Court will not require production of information relating to other bus drivers." |
| **RFP No. 10:** Defendant objects to the production to the extent that Plaintiff has requested materials relating to student records for minor children, except for K.G. that constitute official, confidential documents pursuant to 20 U.S.C. § 1232G.<br><br>Defendant objects to this request for production to the extent that it seeks any materials relating to student records for minor children, except for K.G.<br><br>Defendant claims materials relating to student records for minor children other than K.G. exist.<br><br>With regard to emails being produced pursuant to the search term and date parameters agreed upon between Plaintiff's and Defendants' counsel, Defendant claims that attorney-client communications exist in the form of emails between District employees (clients) and District attorneys (attorneys) that relate to legal advice or strategy. | The Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232G.<br><br>Pursuant to Judge Garcia's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Responses [Doc. 78], "The Board should produce the information sought as it relates to the incident that gave rise to the lawsuit, and the accident affecting the minor child K.G. However, the Court declines to direct that the Board produce information from sensitive school records relating to other children. The issue in this case is whether Defendants violated Plaintiff's rights, not whether Defendants may have violated the rights of others. This is not a class action lawsuit, and Rule 26 specifically limits discovery to the parties' claims and defenses. As information to other accidents does not relate to the claims and defenses in this case, the proposed discovery should be limited by the proportionality principle of Rule 26(b)(2)(C). Moreover, in balancing sensitive school records, including highly personal information relating to special needs children, with Plaintiffs' requests, the balance tips in favor of protecting the privacy of those other children." |
| **RFP No. 22:** Defendant objects to the production, to the extent that Plaintiff has requested such materials, of any materials prepared in anticipation of litigation by Defendant's legal counsel or representative, including | Documents or tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. Fed.R.Civ.P. 26(b)(3)(A). |

3

| Document, material, item or thing withheld | Claim of Privilege / Authority |
|---|---|
| its insurer or agent(s).<br><br>Defendant objects to this request for production to the extent that it seeks any materials which are protected by the attorney work product and attorney-client communications privilege.<br><br>Defendant claims that attorney work product and attorney-client communications exist in the form of attorney notes concerning meetings/witness interviews with Felicia Sena, Kimberly Seymour, Lisa Creecy, and Cindy Velarde, all of which include the mental impressions, conclusions, opinions, or legal theories of Defendant's attorneys. | The Court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Fed.R.Civ.P. 26(b)(3)(B). |