IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.G., *by and through her mother*
*and next friend Christine C,*

    Plaintiff,

vs.                                            Case No. 12-cv-1209 KBM/GBW

SANTA FE PUBLIC SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE
SANTA FE PUBLIC SCHOOL DISTRICT,
FELICIA SENA, KIMBERLY SEYMOUR,

    Defendants.

## ORDER GRANTING MOTION FOR INDEPENDENT MEDICAL EXAMINATION AND EXTENDING PRETRIAL DEADLINES

This matter is before the Court on Defendants' Motions for an independent medical examination and to extend pretrial deadlines. *Docs. 101, 107.* Having reviewed the motions and the accompanying briefing, and after considering oral argument, the Court will GRANT Defendants' Motions.

I.    **BACKGROUND**

This case involves state tort law, Americans With Disabilities Act (ADA), and 42 U.S.C. § 1983 claims arising from the injuries of Plaintiff, a student at Santa Fe Public Schools, on October 14, 2010 and February 2, 2012.

Plaintiff is a minor child who, at the time of the events in question, was a student within the Santa Fe Public School District. *Doc. 42* ¶¶ 9-10. Plaintiff has a degenerative

disorder, of which Defendants were aware, that affects both her cognitive and physical development. *Id.* ¶ 11, 12. In October 2010, Plaintiff dislocated her kneecap while playing on the playground equipment at the school. *Doc. 42* at ¶¶19-20. The injury required multiple surgeries to treat, and also required Plaintiff to miss a significant amount of school time in late 2010. *Id.* ¶¶ 21-22, 25. On February 2, 2012, again on school grounds, Plaintiff suffered a broken femur. *Id.* ¶¶29-30. This injury again required extensive medical treatment and Plaintiff again missed a significant amount of school time. *Id.* ¶¶ 31-35.

As is relevant to the instant motions, Plaintiff alleges that "[a]s a direct and proximate result of the failures to act by Defendants, Plaintiff has suffered and will continue to endure pain and suffering, potentially irremediable developmental delays and mental anguish and emotional distress; she has incurred and may continue to incur medical expenses in the future for treatment, increased educational expenses, and other incidental expenses." *Id.* ¶ 88. Defendants argue that because Plaintiff has put her physical condition at issue in this case, they are entitled to an independent medical examination of Plaintiff under Federal Rule of Civil Procedure 35.

II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 35, the court has discretion to order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1).

The party seeking the examination must affirmatively demonstrate both that the physical or mental condition is "in controversy" and that "good cause" exists for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964). "[T[here must be a greater showing of need under Rule[ ] ... 35 than under the other discovery rules;" to require otherwise, and to accept a showing of mere relevance, would render the "good cause" requirement meaningless." *Id.* at 118.

### III.  THE MOTIONS

Defendants request that the Court grant their motion for an independent medical examination because Plaintiff, through the allegations in her complaint, has put her physical condition directly at issue. Plaintiff contends that, because Defendants have delayed in making their request and missed the expert disclosure deadline, as well as failing to properly consult with Plaintiff, Defendants' request should be denied. In the alternative, they argue that Plaintiff's examination should be subject to certain parameters.

The Court finds that, because Plaintiff's physical injuries are a significant component of her causes of action, Plaintiff has put her condition in controversy and that good cause exists to support Defendants' motion. *Ornelas v. South Tire Mart, LLC*, 292 F.R.D. 388, 391-392 (S.D. Tex. 2013)(citations omitted)(holding that where a plaintiff puts his physical condition directly at issue in a negligence matter, it is both in controversy and good cause exists under Rule 35).

An order issued pursuant to Rule 35 must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2)(B).  After consultation with the parties, the Court sets the following parameters for the examination:

(1) The examination will be limited to no more than four hours.

(2) Plaintiff's mother shall be present, but the examining physician may only pose such questions to her which are necessary to facilitate communication with Plaintiff.

(3) X-rays will not be performed as a component of the examination.

(4) The examination will be limited to orthopedic issues only.

(5) Defendants shall provide Plaintiff with seven (7) days written notice of the date and time, of the examination.  Defendants shall further, by Friday February 28, 2014 provide Plaintiff with the physician's availability both to perform the examination and for deposition by Plaintiff.

(6) Plaintiff's mother shall be reimbursed for mileage for travel to and from the deposition at the rate of 33 cents/ mile and for one meal in the amount of $50.00.  The reimbursement shall be paid in advance of travel.

(7) The examination will not be recorded.

Further, Defendants' expert report shall be due five (5) business days after the performance of the examination.

In light of the forgoing, Defendants' motion to extend pretrial deadlines is also granted.  The Court will also extend the pretrial discovery deadlines by thirty days.

4

The new pretrial deadlines are as follows:

    Defendants' Expert Report is due no later than March 21, 2014;

    Discovery Terminates on March 21, 2014;

    Motions Relating to Discovery are due no later than April 10, 2014;

    Pretrial Motions not Relating to Discovery are due April 21, 2014;

    The Pretrial Order must be sent by Plaintiff to Defendants by June 2, 2014, and from Defendants to the Court by June 23, 2014.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE