IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.G., *by and through her mother
and next friend Christine C*,

    Plaintiff,

vs.                                          Case No. 12-cv-1209 KBM/GBW

SANTA FE PUBLIC SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE
SANTA FE PUBLIC SCHOOL DISTRICT,
FELICIA SENA, KIMBERLY SEYMOUR,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING FEES

This matter is before the Court on Defendants' Motion for Reconsideration. *Doc. 109*. Having reviewed the motion and accompanying briefing, as well as Plaintiff's counsel's fee affidavit, *doc. 108*, the Court will DENY Defendants' Motion and GRANT Plaintiff attorney's fees as set forth below.

**I.    BACKGROUND**

On November 22, 2013, Defendants moved the Court for a protective order regarding certain discovery devices propounded to Defendants, arguing that the requests were unnecessarily duplicative of discovery already provided by Defendant Santa Fe Public School District. *Doc. 72*. Because Defendants failed to respond to her discovery requests, Plaintiff filed a motion to compel on December 18, 2013. *Doc. 83*. On January 15, 2014, the Court granted Plaintiff's motion and ordered Defendants to

pay costs pursuant to Rule 37. *Doc. 103*. The Court accordingly directed Plaintiff to submit an affidavit setting forth her expenses for briefing her motion to compel and granting Defendants an opportunity to object to those expenses. *Id.*

Plaintiff filed her affidavit on January 22, 2014. *Doc. 108.* On January 27, 2014, Defendants filed the instant Motion, asking the Court to reconsider its ruling on Plaintiff's Motion to Compel, and in the alternative, objecting to Plaintiff's attorney's stated billing rate and the time spent on briefing. *Doc. 109*. Briefing was complete on the motion on February 24, 2014.

## II. STANDARD OF REVIEW

The Court notes at the outset that motions for reconsideration are not expressly provided for in the Federal Rules of Civil Procedure. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.,* 229 F.R.D. 232, 234 (D.N.M. 2005) (*citing Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). However, the Rules do state that "any order . . . , however designated, that adjudicates fewer than all the claims [at issue] . . . may be revised at any time before the entry of judgment adjudicating all the claims [at issue]." Fed. R. Civ. P. 54(b). Plaintiff here requests reconsideration of an order granting a motion to compel. Because the order in question does not adjudicate all the claims at issue, it is properly treated as interlocutory and is subject to revision by the Court at any time. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.,* 212 Fed. App'x 760, 765 (10th Cir. 2007); *see also Hunt v. Green*, 376 F. Supp. 2d

1043, 1049 (D.N.M. 2005). A court may reconsider an interlocutory order when it has made an error of fact or of law. *Todd v. Montoya*, 791 F. Supp. 2d 1060, 1062 (D.N.M. 2011) (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

This Court has discretion in deciding whether to grant or deny a motion to reconsider. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider may not be used to reexamine issues that have already been addressed or to advance "new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed . . . ." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (internal quotation marks and citation omitted).

### III. ANALYSIS

#### A. Defendants' Motion for Reconsideration

Defendants argue that the Court incorrectly determined that the discovery requests to which they objected in their original motion were not duplicative. *Doc. 109.* In part, the Court rejected Defendants' objections because "while there is significant overlap between the requests to the individual Defendants and the SFPSD, they are not verbatim copies of each other." *Doc. 103* at 4. In the motion to reconsider, Defendants primarily point to the fact that some of the requests to which they objected were in fact verbatim copies of an earlier request. *Doc. 109* at 3-7. While the Court could have been more precise, it was attempting to address a large number of objections generally.

Indeed, a few of the disputed requests were copies of earlier requests, but many, while similar to other requests, were different. Moreover, Defendants' reconsideration motion completely fails to address the second basis for the Court's ruling: that "the Court [was] unpersuaded that posing similar questions to separate parties is improper in this case. Each defendant is an independent party to the lawsuit with a different interest from the others." *Doc. 103* at 4.

Having reviewed Defendants' reconsideration motion, the Court finds no material error of fact or law on its rulings on Defendants' discovery objections.

Defendants also ask the Court to reconsider the award of costs pursuant to Rule 37(a)(5). Defendants concede that "[a]ttorney fees should ordinarily be awarded against a party who fails to participate in discovery." *Doc. 109* at 8; citing *Chamber of Commerce v. Edmondson*, 594 F.3d 742, 766 (10th Cir. 2010) (addressing sanctions under Rule 37(d), not Rule 37(a)). Because they have not "failed to participate," they reason that fees should not be awarded. However, the Court did not award fees pursuant to Rule 37(d) for a failure to participate in discovery, but instead under Rule 37(a). Rule 37(a) sets forth a rebuttable presumption in favor of awarding sanctions against a party that complies with discovery demands after the filing of a motion to compel. *See* 7 James Wm. Moore, *Moore's Federal Practice*, § 37.23 at 37–41 (3d ed. 2008). The Court recognized the three exceptions to this presumption. *See doc. 103* at 6-7. Nonetheless,

4

the Court determined that none applied. Nothing in Defendants' reconsideration motion alters that conclusion.

### B. Plaintiff's Affidavit

In her affidavit, Plaintiff's counsel states that her market rate is $300-$375/hour and that she billed a total of 7.8 hours in preparing the motion to compel. Combined with gross receipts tax of 7%, and billing at a rate of $300/hour, Plaintiff's counsel requests a total award of $2503.80. *Doc. 108*, Ex. 1. Defendants object that Plaintiff's counsel was assigned a billing rate of $225/hour in 2009 – however, they incorrectly assume Plaintiff requested payment at $375/hour. *Doc. 109*. They further seek to discount 0.6 hours from Plaintiff's request on the basis that that time was unrelated to the preparation of the motion to compel, and ask that 3.3 hours be deducted as related to the motion for protective order. *Id.*

In *Robinson v. City of Edmond*, the Tenth Circuit explained that in determining an award of attorney's fees, a court must first determine a "lodestar amount," which is the product of a number of attorney hours "reasonably expended" at a "reasonable hourly rate." 160 F.3d 1275, 1281 (10th Cir. 1998). Therefore, the Court must decide both whether the hours billed "were 'necessary' under the circumstances," and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Id.; Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

5

The Court has reviewed Plaintiff's itemized billing statement, and finds that Plaintiff's 0.6 hour billed to communicate with opposing counsel over the motion to compel and her review of the relevant interrogatory is appropriate and reasonably related to the motion to compel. Further, the Court's order specifically states that Defendants are expected to pay attorney's fees not only relating to the motion to compel, but also on the motion for protective order. *Doc. 103* at 7. Defendants' requested 3.3 hour deduction is therefore also denied. Plaintiff's counsel's stated expenditure of 7.8 hours spent in relation to both motions is reasonable.

Further, while Defendants object to paying $375/hour, Plaintiff has requested a rate of only $300/hour. Based on the evidence presented by Plaintiff's counsel and its own review of similar cases within this District, the Court finds that $300/hour constitutes a reasonable market billing rate for Plaintiff's counsel's services. *Doc. 108*, Ex 2; *see also In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1258 n.41 (D.N.M. 2012). As Defendants have not specifically objected to it, the Court will also award Plaintiff's counsel the requested tax. *See, e.g.*, *Martinez v. Romero et al.*, 11-cv-785-ACT/WDS, doc. 59 (awarding gross receipts tax along with attorney's fees).

For the foregoing reasons, Plaintiff is awarded 7.8 hours attorney's fees at an hourly rate of $300.00, making the award $2340.00 plus a gross receipts tax of $163.80, for a total of 2503.80.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE