IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.G., *by and through her mother*
*and next friend Christine C*,

    Plaintiff,

vs.                                            Case No. 12-cv-1209 KBM/GBW

SANTA FE PUBLIC SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE
SANTA FE PUBLIC SCHOOL DISTRICT,
FELICIA SENA, KIMBERLY SEYMOUR,

    Defendants.

## ORDER

This matter is before the Court on Defendants' Motion to Limit Expert Witness Fees, and Plaintiff's Second Motion to Compel Written Discovery. *Docs. 102, 130.* Having reviewed the motions and the accompanying briefing, and considered oral argument by counsel (*docs. 114, 133, 148, 163, 171*), the Court will **GRANT** in part and **DENY** in part Defendant's Motion to Limit Expert Witness Fees and **GRANT** in part and **DENY** in part Plaintiff's Second Motion to Compel Written Discovery.

I.     DEFENDANTS' MOTION TO LIMIT EXPERT WITNESS FEES

Defendants move the Court under Federal Rule of Civil Procedure 26(b)(4)(E) to limit the fees charged by Plaintiff's expert on playground safety, Mr. Thom Thompson. Defendants contend that the $1500 flat rate charged by Mr. Thompson for his deposition testimony is excessive in light of his educational background and area of expertise.

Plaintiff responds that the rarity of Mr. Thompson's expertise justifies the amount charged. Defendants do not object to any other portion of Mr. Thompson's bill.

Under Federal Rule 26(b)(4)(E)(i), the court must "require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)[1]." *See* FED. R. CIV. P. 26(b)(4)(E)(i). The Court can consider several relevant factors:

1. the witness' area of expertise
2. the education and training required to provide the expert insight that is sought
3. the prevailing rates of other comparably respected available experts
4. the nature, quality and complexity of the discovery responses provided
5. the fee actually being charged to the party who retained the expert
6. fees traditionally charged by the expert on related matters; and
7. any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009) (quoting *U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344, 345–46 (D.Colo.1995)). "The party that seeks reimbursement bears the burden . . . of demonstrating the reasonableness of the amounts claimed." *Mark Andrew of the Palm Beaches, Ltd. v. GMAC Commercial Mortgage Corp.*, 2003 WL 21767633 at *1 (S.D.N.Y. July 31, 2003); *see also Zia Trust Co. v. Montoya et al.*, 8cv77, doc. 86 (D.N.M. 2008). "As a basic premise, the expert's fee should not be so high as to impair a party's access to necessary discovery or result in

---

[1] FRCP 26(b)(4)(A): "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided."

2

a windfall to the expert." *Grady v. Jefferson Cty Bd. of Cty Comm'rs*, 249 F.R.D. 657, 659 (D. Colo. 2008).

Based on Plaintiff's representations in her briefing and at oral argument, Mr. Thompson is one of few experts in his field nationally, and is a pioneer in playground safety. *Docs. 114, 171*. In light of the scarcity of experts in this field, and the relevance of Mr. Thompson's expertise to Plaintiff's claim arising from her October 14, 2010 accident, the Court finds that Defendants' proposed rate of $150.00 per hour is unreasonably low. However, the rate of $1500 for the three-hour deposition at issue amounts to a rate of $500 per hour. This hourly rate would be $100/hour higher than Plaintiff has represented that she is contracted to pay Mr. Thompson to testify at trial. Plaintiff provides insufficient justification for this $100/hr premium. Therefore, the Court will limit Mr. Thompson's fees to $400.00 per hour for the three-hour deposition testimony provided by Mr. Thompson.[2]

## II.    Plaintiff's Second Motion to Compel

In this motion, Plaintiff contends that Defendants have failed to properly respond to the following propounded interrogatories: Interrogatories 2-7 to Defendant Sena, and Interrogatories 1, 2, and 4 to Defendant Seymour. *See generally doc. 130*. Plaintiff advised the Court that the issues pertaining to Interrogatories 3-5 for

---

[2] As Defendants do not object to any other portion of Mr. Thompson's bill, this ruling serves only to reduce Mr. Thompson's overall bill by $300.

3

Defendant Sena, and Interrogatories 1, 2, and 4 to Defendant Seymour had been resolved. *Docs. 163*, 171.

Federal Rule 37(a) provides for motions to compel responses to properly propounded discovery. *See* FED. R. CIV. P. 37(a)(3)(B)(iii) (allowing a motion to compel where a party fails to respond to a properly propounded interrogatory.)

The only remaining dispute over Defendants' response to Interrogatory 2 relates to the information pertaining to the potential affirmative defense of independent intervening causes. Plaintiff asserts that Defendants' response to this interrogatory is unduly vague, cites only generally to Plaintiff's medical records and fails to clearly set forth the factual underpinnings of their defense. In their responsive briefing, Defendants contend that Plaintiff sought an improper narrative response to the interrogatory, citing *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). At oral argument, Defendants stated that they had supplied the details of this defense to Plaintiff informally, but had failed to do so in a formal response to the interrogatory.

In responding to a contention interrogatory regarding an affirmative defense, defendants must identify the material, or principal, facts that support the defense. *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). Defendants' written response to this interrogatory falls far short of providing the information required by the Federal Rules and case law. Defendants are ordered to respond to Interrogatory 2 by setting forth the material facts supporting their defense of independent intervening cause.

They must, for those facts, state the source of that fact. To be clear, the Court is not requiring Defendants to set forth each and every fact which they may use to support this defense – only the material or principal fact. Also, the Court is not requiring Defendants to cite to each and every place where that fact may be found. Their citation must only give Plaintiff the reasonable ability to understand the source of the fact.[3] This supplemental response must be provided to Plaintiff no later than March 21, 2014. After Defendants have provided their response, Plaintiff shall be permitted to file briefing outlining any claim of prejudice, if any, from this late disclosure of the new facts, no later than March 31, 2014. The Court will determine at that time whether sanctions are properly assessed against Defendants.

Interrogatory 6 pertains to the provision of contact information for certain current employees of the Santa Fe Public School District. Plaintiff contends that Defendants should provide her with the private contact information for all current employees. At oral argument, Defendants stated that the personal e-mail addresses of these employees were available on their school's public website, and otherwise that it was more efficient for Plaintiff to contact current employees through the school. The Court finds that, given Plaintiff's possession of the e-mail addresses, Defendants are not obliged to provide additional contact information for these employees.

---

[3] For example, if Defendants intend to rely on an unrelated accident which occurred on a given date, they must give the date and general description of the accident. If the treatment for that accident is reflected in numerous medical records, they must cite to at least one set of those records with the particular dates of treatment.

5

Interrogatory 7 concerns the provision of all the names of the educational aides who supervised a child implicated in Plaintiff's claim regarding her broken femur suffered on February 2, 2012.  Plaintiff states that she has still not received all the names of the people responsible for supervising this child.  Given the relevance of the supervision of the child on the day of the accident and the months immediately preceding the accident, the Court will compel Defendants to provide Plaintiff, by March 21, 2014, with a complete list of all the educational aides at the school who were involved in the supervision of the child for the six months immediately prior to and including February 2, 2012.

### III.   COSTS OF PLAINTIFF'S MOTION TO COMPEL

Typically, upon resolution of motions to compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5).  However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust."  *Id*.  Having granted each party's motion only in part, the Court determines that neither side will be required to pay costs incurred in briefing them.  However, as discussed above, the Court may impose other sanctions after considering the supplementation of Defendants' response to Interrogatory 2.

## IV. CONCLUSION

For the forgoing reasons, Defendant's Motion to Limit Expert Witness Fees is **GRANTED** in part and **DENIED** in part and Plaintiff's Second Motion to Compel Written Discovery is **GRANTED** in part and **DENIED** in part. Production of the materials ordered to be produced shall be made in accordance with the dates listed above.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE