IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.G., *by and through her mother*
*and next friend Christine C*,

    Plaintiff,

vs.                                                           Case No. 12-cv-1209 KBM/GBW

SANTA FE PUBLIC SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE
SANTA FE PUBLIC SCHOOL DISTRICT,
FELICIA SENA, KIMBERLY SEYMOUR,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Second Motion to Compel the Production of Documents and Privilege Log. *Doc. 142.* Having reviewed the motion and the accompanying briefing, and considered oral argument by counsel (*docs. 158, 166, 171*), the Court will **DENY** Plaintiff's Motion.

**I.    BACKGROUND**

At issue in this Motion are documents potentially responsive to Plaintiff's Requests for Production Nos. 5 and 9, directed towards Defendant Santa Fe Public School District (SFPSD). Request for Production 5 seeks "copies of all documents, communications, photos, reports and nursing records related to KG's October 14, 2010 and February 2, 2012 accidents and injuries at school including but not limited to all such documentation and communication exchanged between the District and its

insurer." *Doc. 142,* Ex. A at 3. Request for Production 9 seeks all documentation, reports, and photos related to any accidents or incidents reported by bus drivers identified by Plaintiff's Interrogatory 5 as having transported Plaintiff during June 2011 or the spring of the 2012 school year. *Id.* at 5.

In responding to these Requests originally, Defendant SFPSD asserted either attorney-client or work product privilege, or both, as to an extensive number of supposedly responsive documents. Plaintiff moved to compel production of both the documents and a privilege log on November 12, 2013. *Doc. 69*. In the Court's order, Judge Garcia ordered the production of any accident report or notes relating to KG only, and the production of *non-privileged* e-mails relating to KG. *See doc. 78*.

Although the date is unclear, Defendant SFPSD submitted an original privilege log to Plaintiff and then a revised privilege log on or around January 21, 2014. *Doc. 142* at 3. Plaintiff then filed the instant Motion to Compel, for which briefing was completed on March 12, 2014, and a hearing held on March 17, 2014.

## II.    ANALYSIS

Plaintiff raises a variety of objections to Defendant SFPSD's responses to Requests for Production 5 and 9. She contends that (1) the privilege log generated by SFPSD does not provide sufficient detail as the documents and information to be protected and the insufficient privilege log operates as a waiver of the privileges asserted; (2) attorney-client privilege doesn't, in any case, cover "facts generated by an

2

insurer or attorney contracted by an insurer in the ordinary course of business," and (3) even if the Court does not find waiver because of the privilege log, Defendant SFPSD's assertion of work-product privilege is subject to an exception based on Defendant SFPSD's failure to cooperate with discovery. *See generally doc. 142*. As relief, Plaintiff "requests that this Court order the production of all investigatory materials, including but not limited to all notes of interviews or witness statements of Sena, Seymour, Velarde, and Creecy, as well as any other witnesses interviewed by Defendants or their agents, including their insurer or their counsel, on the basis of the need and / or hardship exception to the work product privilege." *Id.* at 14-15.

### A. The Privilege Log

As an initial matter, despite Defendant's assertions to the contrary, the Court notes that Defendant SFPSD's privilege log is entirely inadequate. Federal Rule of Civil Procedure 26(b)(5)(A) provides that when a party withholds information otherwise discoverable by asserting that the information is privileged, the party must (i) expressly make the claim of privilege; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing the privileged or protected information itself, will allow other parties to assess the claim. FED. R. CIV. P. 26(b)(5)(A); *see also White v. Graceland Coll. Ctr. for Prof'l Dev. &*

*Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1267-68 (D. Kan. 2008).[1] Defendant's log fails to provide sufficient information such that the Court can discern whether one or both of the asserted privileges apply to each document or class of documents identified. A properly prepared privilege log should generally follow the format and, at a minimum, include the information set forth below:

| Bates No. | Document Type | Date | Author | Recipient | Subject Matter | Privilege Asserted |
|---|---|---|---|---|---|---|
| ABC 00001-00005 | E-mail | 3/5/14 | John Doe | Jane Doe | Settlement of Litigation | Attorney-Client and Work Product |

Defendant's privilege log instead consists of two columns, in which it fails to identify specific documents by Bates numbers, much less names of authors or recipients. Moreover, Defendant does not tie its assertions of privilege to specific documents. This type of privilege log falls far short of the requirements of Federal Rule 26.

That said, the Court will not find waiver based on the flawed privilege log. "As the federal rules, case law and commentators suggest, waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) (quoting

---

[1] "Defendants, as the party asserting objections based on work product immunity and attorney-client privilege, bear the burden of establishing that either or both apply. Defendants must make a "clear showing" that the asserted objection applies. To carry that burden, Defendants must "describe in detail" the documents or information sought to be protected and provide "precise reasons" for the objection to discovery. In addition, Defendants must provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied. A "blanket claim" as to the applicability of the privilege/work product protection does not satisfy the burden of proof." (state source of internal quotes or take them out)

4

*First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995)).  The Court notes both that defense counsel did attempt to timely comply with the production of the privilege log, and, based on counsels' representations at oral argument, the Court cannot find that insufficiency of the log is the result of inexcusable conduct or bad faith.

    **B.**    **The Documents**

Having determined that waiver is inapplicable here, the Court must consider the merits of Defendants' objections.  Given that Defendants' privilege is inadequate to permit a meaningful review of the claimed privileges, the Court would ordinarily order Defendants to produce a proper log.  However, in an effort to expedite the resolution of this discovery dispute, the Court instead has elected to conduct an immediate *in camera* review of the documents at issue.  There are three sets of documents over which Plaintiff asserts a privilege: (1) Bates Numbers KG 00015351-00015388, the insurance claim notes from Defendant's insurer in reference to Plaintiff's claims against the school district; (2) Bates Numbers KG 00015389-00015408, counsel's notes and mental impressions taken during the interviews of several SFPSD employees; and (3) Bates Numbers 00015409-00015696, e-mails produced pursuant to Judge Garcia's order (*doc. 78*).  These documents have been provided by Defendant to the Court.[2]

---

[2] Defendants' counsel also included a cover letter which the Court was surprised to learn was not copied to Plaintiff's counsel.  Defendants' counsel must ensure that any such letter be provided to opposing

5

      **1.**      **Bates Numbers KG 00015351-00015388**

Defendant asserts both attorney-client, and work-product, privilege as to these documents. *Doc. 142*, Ex. B. Plaintiff contends that neither privilege applies because these documents were not created pursuant to any litigation but rather in the ordinary course of business. *Id.* at 10-11.

Because this action arises in part under a federal statutory scheme, federal law provides the rule of decision as to application of the attorney-client privilege. *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368–69 (10th Cir. 1997). Attorney-client privilege applies: "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection be waived." *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 674 (D. Kan. 2005). As regarding communications with an insurer, "[t]he privilege applies to communications between an insurance company and legal counsel concerning the investigation and validity of the insured's claim, whether an insured's loss fits within the terms of the contract, and discussions of coverage protection." *Med. Assur. Co., Inc. v. Weinberger*, 295 F.R.D. 176, 188 (N.D. Il. 2013).

---

counsel contemporaneously to avoid improper *ex parte* communication with the Court. The letter is attached hereto as Exhibit 1.

Work product protection applies to protect "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." *Frontier Ref., Inc. v. Gorman–Rupp Co.*, 136 F.3d 695, 703 (10th Cir. 1998) (citing Fed. R. Civ. P. 26(b)(3)).  As regarding insurance claims files, they are generally presumed not to be protected by this doctrine prior to a final decision being reached on a claim.  *Lindley v. Life Investors Ins. Co. of America*, 267 F.R.D. 382, 399 (N.D. Okla. 2010).  In order to rebut this presumption, the party seeking protection must be able to point to a "definite shift made by the insurer or adjuster from acting in its ordinary course of business to acting in anticipation of litigation."  *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 247 F.R.D. 656, 659 (D. Kan. 2007).

Applying these principles to the documents at issue here, the Court will grant Defendant's objection.  A review of the documents shows both that many of these documents contain attorney-client privileged information, and the remaining documents are subject to the work-product doctrine as they were indisputably prepared in anticipation of litigation.

### 2. Bates Numbers KG 00015389-00015408

Defendant asserts both attorney-client, and work-product, privilege as to these documents.  *Doc. 142*, Ex. B.  Plaintiff contends that attorney-client privilege cannot apply to these witness interviews, citing *Upjohn Co. v. United States,* 449 U.S. 383, 397

7

(1981). She further argues that, to the extent these documents can be considered work product, they are discoverable on the basis of substantial need.

The Court will briefly address Plaintiff's interpretation of *Upjohn*. Plaintiff contended at oral argument that because the witnesses interviewed were not part of a "control group" of senior employees, attorney-client privilege is inapplicable to their interviews. However, the Supreme Court explained that attorney-client privilege could extend to all attorney communications with company employees, even those outside a "control group" provided that (1) the communications were made for the purpose of securing legal advice; (2) the employee making the communication did so at the direction of his superior; (3) the employee was commenting on matter within the scope of their employment; and (4) that the communications were treated as confidential, including the non-disclosure of any memorialization of the communication. 449 U.S. at 394.

The Court finds that these documents are subject to the attorney-client privilege as asserted by Defendant and therefore are not discoverable. The Court, as a result, need not address whether these documents also contain work product.

### 3. Bates Numbers 00015409-00015696

Having reviewed these documents, the Court has determined that the majority of these documents contain attorney-client privileged information, and the remaining documents are subject to the work-product doctrine.

### III. COSTS OF PLAINTIFF'S MOTION TO COMPEL

Typically, upon resolution of motions to compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified," or (iii) the "circumstances make an award of expenses unjust." *Id*.

This case, however, presents a unique circumstance. Although Plaintiff is technically the "loser" because the Court has sustained each of Defendant's privilege objections, Plaintiff was forced to file this motion because of Defendant's deficient privilege log. Moreover, the Court obviated the need for Defendants to produce a proper privilege log by conducting an *in camera* review. District courts enjoy "very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial" under Federal Rule of Civil Procedure 37. *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc).

The Court therefore will order Defendant SFPSD to pay Plaintiff's reasonable expenses and attorney's fees for Plaintiff's briefing on the instant motion. [3]

---

[3] Of course, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).

**IV.    CONCLUSION**

For the forgoing reasons, Plaintiff's Motion is **DENIED**.  **IT IS FURTHER ORDERED** that, within seven days of the entry of this Order, Plaintiff shall file an affidavit outlining her expenses as described above.  Defendant's objections to the amount claimed by Plaintiff, if any, shall be filed within seven days of the filing of the affidavit.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE