IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


K.G., *by and through her mother*
*and next friend Christine C*,

    Plaintiff,

v.                                                    Case No. 12-cv-1209 KBM/GBW

SANTA FE PUBLIC SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE
SANTA FE PUBLIC SCHOOL DISTRICT,
FELICIA SENA, KIMBERLY SEYMOUR,

    Defendants.


## ORDER AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Strike. *Doc. 187.* Having reviewed the motion and accompanying briefing (*doc. 200, 204*), and having considered the arguments presented at the May 20, 2014 hearing (*doc. 231*), the Court will GRANT IN PART and DENY IN PART Plaintiff's Motion to Strike.

At the hearing, the Court divided Plaintiff's Motion into three primary categories: (1) Defendants' allegedly insufficient answer to Interrogatory Number 2; (2) Defendants' delay in disclosing its expert, Dr. Allen, who conducted KG's independent medical examination; and (3) whether Dr. Allen's report properly raised an opinion regarding the affirmative defense of independent intervening cause.

**Interrogatory Number 2**

In the Motion to Strike, Plaintiff alleges that Defendants failed to fully respond to Plaintiff's Interrogatory Number 2. This discovery request asked for the factual basis of Defendants' affirmative defense of intervening cause. The Court had previously entered an order compelling Defendants to respond to this interrogatory by setting forth the material facts supporting this defense. *Doc. 172* at 4. Plaintiff maintains that Defendants' supplemental answer remained insufficient because "the nexus between the various unrelated injuries on Defendants' list and the elements of the affirmative defense of independent intervening cause remain conclusory." *Doc. 187* at 16. The motion seeks to strike Defendant's affirmative defense of independent intervening cause or, in the alternative, to foreclose Defendants from raising any new arguments for independent intervening cause that were not included in its response to Interrogatory Number 2.

For the reasons articulated at the hearing, the Court will DENY Plaintiff's request to strike Defendants' entire affirmative defense of independent intervening cause. However, the undersigned hereby RECOMMENDS that the Court prohibit Defendants from raising any factual theory of independent intervening cause not adequately noticed in Defendants' supplemental response to Interrogatory Number 2. Should the presiding judge follow this recommendation, she will determine if a particular factual theory is properly described in the supplemental response.

**Dr. Allen and Defendants' Request for Independent Medical Examination**

Second, Plaintiff claims prejudice based on Defendants' unjustified delay in disclosing Dr. Allen as the doctor Defendants had retained to conduct KG's independent medical examination (IME).  Plaintiff alleges that, although Defendants had retained Dr. Allen as early as November 12, 2013 (*doc. 187,* Ex. 2 at 7), they delayed in telling Plaintiff the name of the examining physician or the location for the IME until December 30, 2013.  *Doc. 187* at 9.  Plaintiff requests that the Court strike Dr. Allen's expert report as a sanction for this delay which, in turn, caused discovery deadlines to be postponed.  In the alternative, Plaintiff requests that the Court order Defendants to pay Plaintiff's fees and costs in opposing the IME.

For the reasons stated at the hearing, the Court DENIES both Plaintiff's request to strike Dr. Allen's expert report and Plaintiff's request for fees and costs.

**Dr. Allen's Expert Report**

Plaintiff disputes whether Dr. Allen's expert report properly raises an opinion regarding the defense of independent intervening cause.  The undersigned agrees with counsel that this dispute is more properly left for the presiding judge, and declines to make any ruling on this issue.

**Costs of Plaintiff's Motion to Strike**

Typically, upon resolution of discovery motions, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion.  *See* Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5).  However, this payment shall not be

3

required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified," or (iii) the "circumstances make an award of expenses unjust." *Id*.

The Court concludes that Plaintiff's grounds for bringing the Motion to Strike were substantially justified, and therefore orders that neither party will be required to pay costs with respect to this matter.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE